1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANE CAMPBELL, | CASE NO.   1:10-CV-02315-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM; CLERK TO CLOSE THE CASE; DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g) |
| v. | |
| THE WHITE HOUSE, et al., | (ECF NO. 1) |
| Defendants. | OBJECTIONS DUE WITHIN 30 DAYS |

_____/

_____

I.    **PROCEDURAL HISTORY**

On December 13, 2010, Plaintiff Kane Campbell, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff was granted in forma pauperis status on December 27, 2010.

Plaintiff's Complaint is now before the Court for screening.

/////

-1-

II.   **SCREENING REQUIREMENT**

The in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that ... the action or appeal is frivolous [or] ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009).

While factual allegations are accepted as true, legal conclusion are not. Iqbal, 129 S.Ct. at 1949. Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002); Iqbal, 129 S.Ct at 1948–49.

III.   **SUMMARY OF COMPLAINT**

Plaintiff is currently housed at Corcoran State Prison. (Compl., p.1, ECF No. 1.)

Plaintiff names as Defendants The White House, Barack Obama, Michelle Obama, George Walker Bush, Dick Chaney and Lawrence Turner. (Id., at 1-2.)

Plaintiff alleges that:

Defendant Turner caused Plaintiff to be falsely convicted of sex crimes. (Id. at 3.) Defendant Turner caused these "fake crimes" to show in Plaintiff's criminal record. (Id.) Defendant Turner's intent in doing so is to have Plaintiff killed. (Id.) Defendants Bush,

-2-

1    Chaney and the Obamas have "endorsed" these false crimes, casting Plaintiff as a sex

2    offender informant before world leaders. (Id.)

3        Plaintiff seeks the following relief:

4        President Obama to clear Plaintiff's criminal record of the false crimes. (Id.)

5

6        Arrest warrants to issue against third parties for murder, conspiracy, obstruction of

7    justice and attempted extortion. (Id.)

8        One million dollars in damages from The White House. (Id.)

9    **IV.   ANALYSIS**

10       To state a claim under Section 1983, a plaintiff must allege two essential elements:

11   (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

12   that the alleged violation was committed by a person acting under the color of state law. See

13   West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245

14

15   (9th Cir. 1987). Section 1983 is the appropriate avenue to remedy an alleged wrong only if

16   both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir.

17   1985).

18        Plaintiff contends that Defendant Turner has contrived items in his criminal record in

19   order that Plaintiff be killed, and that Defendants Bush, Cheney and the Obamas have

20

21   engaged in an international conspiracy to disparage Plaintiff. Plaintiff seeks the arrest of third

22   parties and damages of one million dollars from The White House. Plaintiff provides no

23   factual or legal basis for this relief.

24        The Court finds Plaintiff's Complaint to be frivolous. A claim is factually frivolous if its

25   allegations are bizarre, irrational or incredible. Edwards v. Snyder 478 F.3d 827, 829-830

26

27   (7th Cir. 2007). See Gladney v. Pendleton Corr. Facility, 302 F.3d 773, 774 (7th Cir. 2002);

-3-

see also Neitzke v. Williams, 490 U.S. 319, 327 (1989) (a claim is factually frivolous under Section 1915 if it is "clearly baseless"); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (explaining that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible.") If the Plaintiff's action is frivolous, then the Court has the discretion to dismiss where the deficiencies cannot be cured by amendment. Broughton v. Cutter Laboratories 622 F.2d 458, 460 (1980) (citing Crawford v. Bell, 599 F.2d 890, 893 (9th Cir. 1979)). The critical inquiry is whether a constitution claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

Plaintiff's allegations that his criminal record has been falsified in order to have him killed and of the existence of an international conspiracy against him are patently incredible and unbelievable. The Complaint is frivolous and devoid of factual support or arguable question of law. See Neitzke, 490 U.S. at 327-328.

Further, the Court finds that Plaintiff's Complaint fails to state a claim under Section 1983 insofar as it seeks remedies for what Plaintiff claims were improper criminal convictions. Plaintiff must seek such relief by writ of habeas corpus rather than by federal civil rights complaint under Section 1983.[1] "[A Section] 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). Nothing in the record suggests Plaintiff has pursued habeas relief and/or had his prior conviction or

---

[1] The United States Supreme Court has held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). See also Hamilton v. Lyons 74 F.3d 99, 102 (5th Cir. 1996).

sentence of incarceration reversed, expunged, invalidated, or impugned through a writ of habeas corpus.

Finally, the Court finds that Plaintiff's Complaint fails to state a claim to the extent Plaintiff seeks to assert  a due process right to correct allegedly false convictions in his prison records. There is no  Ninth Circuit authority giving  prisoners an independent right, grounded in the Due Process Clause, to an accurate prison record. Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987).

Although the Court generally allows plaintiffs the opportunity to amend pleadings to address deficiencies noted by the Court during screening, amendment here would be futile for the reasons stated above.

**V.     RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Plaintiff's Complaint be dismissed with prejudice as frivolous and for failure to state a claim upon which relief could be granted, with the Clerk to close the case and the dismissal subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Findings and Recommendation will then be submitted to the District

Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:    December 16, 2011          /s/ Michael J. Seng

ci4d6                                UNITED STATES MAGISTRATE JUDGE

-6-